## MATTIE E. GOSSETT

### v.

## UNION MUTUAL ACCIDENT ASSOCIATION.

*Pleading—Mutual Accident Association—Action on Certificate of Membership—Declaration—Sufficiency of—Uncertainty—Demurrer.*

1.  A copy of an instrument is no part of the declaration to which it is attached.

2.  In an action on a certificate of membership in a mutual accident association, it is *held:* That the demurrer to the declaration, containing the common counts, was improperly sustained; that allegations in two of the special counts that the membership in the association was sufficient to make the amount named in the certificate by the payment of two dollars each, reduced to certainty that which would have been uncertain; and that the special counts are sufficient.

[Opinion filed September 18, 1888.]

IN ERROR to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. H. C. IRISH, for plaintiff in error.

"The defendant voluntarily issued its policy. It received the premium, and Baily, fully, so far as appears, performed all his contract required him to do. So far as he is concerned, the contract is an executed one." Benefit Association v. Blue, 120 Ill. 121, 128.

Gossett v. Union Mutual Accident Ass'n.

Where a contract has been fully executed, and nothing remains to be done but the payment of money, which the defendant is to do, the plaintiff may recover in *indebitatus assumpsit* under the common counts.    Lane v. Adams, 19 Ill. 167; Thomas v. Caldwell, 50 Ill. 138; Johnson v. Glover, 19 Ill. App. 584.

The method by which defendant proposes to raise the money wherewith to pay this debt is no part of the real contract, and does not concern plaintiff, except, in a certain contingency to be shown by the defendant, her recovery may be reduced in amount.

No act is required of either the insured or plaintiff in connection with the raising of the money, and they can not in any way interfere therewith.    The contract is fully executed, and assumpsit will lie.

Assumpsit upon policies of insurance (and on the assessment plan) are common in practice in this State.    Pro. Life Ins. Co. v. Palmer, 81 Ill. 88; Ben. Ass'n v. Hoffman, 110 Ill. 603; Nat. Ben. Ass'n v. Jackson, 114 Ill. 533; Cov. Ass'n v. Spies, 114 Ill. 463; Ben. Ass'n v. Blue, 120 Ill. 121.

Whether an assessment will realize the full amount named in the certificate is matter of defense.    Elkhart Aid Ass'n v. Houghton, 103 Ind. 266; Excelsior Ass'n v. Riddle, 91 Ind. 84; Luders v. Hartford Ins. Co., 4 McCrary, 149; S. C., 12 Fed. Rep. 465; Burland v. N. W. Ben. Ass'n, 48 Mich. 424; Noskern v. N. W. Endow. Ass'n, 30 Minn. 406; Suppiger v. Cov., etc., Ass'n, 20 Ill. App. 597.

Messrs. John M. Hamilton and Chas. C. Gilbert, for defendant in error.

It is an elementary principle of law that actions in assumpsit for money can only be maintained where the amount to be received is certain, or is capable of being made certain, by the evidence.    Under this contract it would be impossible for a court or jury to fix a definite amount in advance of an assessment without violating the terms of the contract.    The amount to be paid under the terms of this certificate can not be ascertained in a suit at law, but only by a proceeding in equity to compel

the levy and collection of an assessment, and therefore an action at law can not be maintained. In every Illinois case cited by counsel for appellant either this point was not raised or the policy provided for the payment of a certain sum absolutely, although it was to be raised by assessment. But the precise question in this case has been several times recently decided by the Supreme Court of Iowa, and the doctrine is firmly established that a suit at law on such a contract of insurance can not be maintained. Ranisbarger v. Union Mut. Aid Ass'n, 33 N. W. Rep. 626; Bailey v. Mut. Ben. Ass'n, 27 N. W. Rep. 771; Newman, Trustee, v. Covenant Mut. Ben. Ass'n, 33 N. W. Rep. 662.

GARNETT, J. The plaintiff in error filed her declaration in assumpsit against defendant in error, on a certificate of membership, or policy of insurance.

There were three special counts in addition to the common counts. The first special count declared upon a certificate of membership issued to Thomas F. Gossett, alleging the defendant agreed, for a valuable consideration named, to pay to plaintiff the principal sum (not to exceed $5,000), represented by the payment of $2 by each member of the defendant association, as provided in the by-laws thereof, in case of the death of said Thomas by external, violent and accidental means.

The second count is similar to the first, except that it describes the instrument sued on as a policy of insurance. The third count declares upon a policy of insurance for $5,000, which, for aught we can see, is an ordinary accident policy. In all three of these special counts there are sufficient allegations of the death of the assured in the manner specified in the policy, proofs of death and demand of payment; and in the first and second counts allegation is made of a membership in said association sufficient in number so that a payment by each member of two dollars would produce $5,000.

A copy of the certificate sued on was attached to the declaration. The defendants filed a general demurrer to the declaration, which was sustained by the court. Judgment was rendered for the defendant on the demurrer, and plaintiff seeks to reverse the same by this writ of error.

That the court erred in sustaining the demurrer to a declaration which included the common counts, is too plain to need argument or citation of authority.    We can only account for the action of the court by supposing the counsel to have confined their argument to the special counts, as they have done in this court.    In his brief, the counsel for defendant makes two erroneous assumptions.    He takes it for granted that the copy of the instrument attached to the declaration is a part of the declaration.    That is a mistake.    See Bogardus v. Trial, 1 Scam. 63; Harlow v. Boswell, 15 Ill. 56.

Therefore the third special count is entirely sufficient on its face.    The other error committed by counsel is in supposing that the certificate sued on provides that the member " is entitled to participate in the mortuary or relief fund of the association, not to exceed the amount of $5,000, which sum, *or such part thereof as may be collected for that purpose by the payment of one regular assessment of two dollars from each member of the association, liable at the date of the accident,* shall, within sixty days after sufficient proof," be paid to the beneficiary.

We find no such provision in any of the special counts, or in the copy of the instrument sued on.    But the entire argument for the defendant is based on these two erroneous assumptions.    The contract set out in the first and second counts is to pay to the plaintiff the principal sum (not exceeding $5,000) represented by the payment of $2 by each member in the association.    That is certain which can be rendered certain.    The extent of the defendant's liability is measured by $2 for each member, the total not to exceed $5,000.    The first and second counts alleged that the membership was sufficient to make $5,000 by a payment of $2 each.    They thereby reduced to certainty that which would have been uncertain had no such allegation been made.    Neskern v. N. W. End. & Leg. Ass'n, 30 Minn. 406; Kansas Protective Union v. Whitt, 14 Pacif. Rep. 275.    The special counts are each sufficient on their face.

For the errors herein indicated the judgment of the Circuit Court is reversed and remanded.

*Reversed and remanded.*