Fish v. Farwell.

## Joseph Fish et al. v. John V. Farwell et al.

1. PLEADING—*Identification of the Cause of Action.*—What cause of action is sued upon can only be determined by the declaration, of which nothing extrinsic is a part. It is not helped or harmed by copies of instruments or bills of particulars attached.

2. STATUTE OF LIMITATIONS.—*Amendment to Pleadings.*—When an amendment sets up no new matter or claim, but merely restates, in a different form, the original cause of action, it relates to the commencement of the suit, and the statute of limitations is arrested at that point; but where the amendment introduces a new or different cause of action, it is treated as a fresh suit, begun at the time when such amendment is filed, and the statute is arrested at the latter date.

3. PARTIES—*Discontinuance Under the Statute.*—If too many parties are sued, the statute permits an amendment by discontinuance as to such parties, even after a verdict has been returned.

4. DEFENSES—*Good as to One Partner, Good as to All.*—Where one member of a firm is a necessary party to a suit, and has a good defense under the statute of limitations, the other members of the firm are entitled to the benefit of it.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed July 2, 1894.

MOSES, PAM & KENNEDY, attorneys for appellants.

TENNEY, CHURCH & COFFEEN, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

September 29, 1888, the appellants filed a praecipe and sued out a summons against the appellees, six in number, which was returned served October 3, 1888, on John V. Farwell, Jr., only. December 7, 1888, the appellants filed a declaration in assumpsit, containing only common counts.

October 29, 1891, was this order: " On motion of attorneys for defendants, it is ordered that the plaintiffs file herein a bill of particulars under the declaration filed by them within twenty days from this date; and it is further ordered, on motion of plaintiffs' attorney, that leave be, and is hereby given said plaintiffs to file additional counts herein within twenty days from this date."

And November 27, 1891, the appellants filed a bill of particulars as follows:

"Rent for premises for manufacture of garments for defendants, $1,500.

Salary to Mr. and Mrs. M. Cohen in and about manufacture of garments for defendants, $2,100.

Paid for engine to be used in manufacture of garments for defendants, $800.

Paid for twenty-eight machines to be used in manufacture of garments for defendants, $700.

Paid for furniture, tables, etc., to be used in manufacture of garments for defendants, $100.

Loss on goods bought and manufactured by plaintiff on account of contract of defendants, caused by a resale at sacrifice, $9,000.

Loss of profits on garments agreed to be taken and received by defendants from plaintiffs and by defendants refused, at 10 per cent on amount contracted for, $12,500."

Then January 30, 1892, the appellants filed additional counts upon an executory contract between the parties, by which the appellants were to manufacture goods for the appellees, and alleging breach by the appellees.

To those counts John V. Farwell, Jr., pleaded that the causes of action occurred more than five years before the filing of the counts, and without setting out in detail the pleadings, the question now is, whether by anything on the record or among the files, or by averment of notice to the appellees of what the appellants intended to sue for, or averment of what in fact they intended to sue for, the plea can be avoided. That if the appellants have any cause of action, it occurred more than five years before January 30, 1892, is not controverted. And that such a cause of action as they may have could be proved under the original declaration, is not claimed.

The new counts are not a re-statement, by way of amendment, or the cause of action set up in the original counts, but a statement of a different cause of action. The original declaration was for compensation for what had been done, the new counts for damages for not doing.

What cause of action is sued upon can only be determined by the declaration, of which nothing extrinsic is a part. Hart v. Tolman, 1 Gilm. 1.

The pleading is not helped or harmed by copies of instruments or bills of particulars attached. Cossett v. Union Mut. Acc. Ass., 27 Ill. App. 266; Humphrey v. Phillips, 57 Ill. 132; Quincy Whig Co. v. Tillson, 67 Ill. 351.

Now the rule is that " when an amendment sets up no new matter or claim, but merely restates, in a different form, the cause of action set out in the original declaration, it relates to the commencement of the suit, and the statute of limitations is arrested at that point; but where the amendment introduces a new or different cause of action, it is treated as a fresh suit, begun at the time when such amendment is filed, and the statute is arrested at the latter date." C. B. & Q. R. R. v. Jones, 149 Ill. 360; 37 N. E. Rep. 247.

So far as relates to John V. Farwell, Jr., this case is much like Gorman v. Judge, etc., 27 Mich. 138.

Whatever can be said here as to what the appellants intended to sue for, and what notice he had of their intention, could be said there. As to him, then, the statute of limitations is a valid defense, not to be avoided.

Other members of the firm were served with process after the additional counts were filed, and it is contended that as to them the suit was pending from the time the original summons was issued, upon any cause of action declared upon before they were served.

We need not consider that question.

John V. Farwell, Jr., is a necessary party to the suit. Even if, as may be the law of this State, obligations of partners are several as well as joint, on which we still refrain from committing ourselves (Nat. Bk. of Oshkosh v. Jennings Tr. Co., 44 Ill. App. 285), yet on such obligations, if more than one is sued, all must be. Cummings v. People, 50 Ill. 132.

Whether that case is right on a question of pleading is beside the present inquiry.

And here all are sued, and judgment must go against all

served or none; none can be dismissed out of the case, and judgment entered against the others. Tolman v. Spaulding, 3 Scam. 13.

Though if too many are sued the statute permits an amendment by discontinuance, even after verdict. Cogshall v. Beesley, 76 Ill. 445.

But a good defense, not merely personal, to one of the firm, bars the action. Faulk v. Kellums, 54 Ill. 188; Jansen v. Grimshaw, 125 Ill. 468.

John V. Farwell, Jr., having a good defense under the statute of limitations, the other defendants, appellees, have the benefit of it, and the judgment is affirmed.