## Illinois Steel Company v. William Eylenfeldt.

1. LIMITATIONS—*Plea of, to Amended Declaration.*—Where a plaintiff, by an amendment to his declaration, brings in a cause of action not before sued upon, so far as the statute of limitations is concerned the commencement of the suit as to such new course of action is the filing of the amendment.

Illinois Steel Co. v. Eylenfeldt.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Heard in this court at the October term, 1895. Reversed. Opinion filed February 11, 1896.

Williams, Holt & Wheeler and E. Parmalee Prentice, attorneys for appellant.

Brandt & Hoffman and L. H. Craig, attorneys for appellee.

Mr. Presiding Justice Gary delivered the opinion of the Court.

March 29, 1892, the appellee sued out a summons against the appellant in an action of " trespass on the case "—so entitled in the *queritur* as well as the summons.

The single count and conclusion following the *queritur* was as follows:

" For that, whereas, the defendant heretofore, to wit, on the 20th day of February, 1892, was then and there the proprietor of, and was then and there operating, managing and controlling by its agents and employes, a certain iron mill or foundry in the city of Chicago, in the county aforesaid, near to and in the neighborhood of the intersection of Ashland avenue and 31st street, in the said city, and the plaintiff was then and there in the employ of the defendant, in and about the management, control and operating of said iron mill or foundry, and was then and there placed by the defendant under the control and direction of its, the defendant's, foreman.

" Wherefore, the plaintiff says, that he is damaged and injured, and has sustained damages to the amount of twenty-five thousand dollars, and therefore he brings suit, etc."

This was filed as a declaration May 6, 1892, and both parties agree that it states no cause of action.

January 31, 1895, that so-called declaration was amended by inserting after the word " foreman," matter which stated a cause of action for negligence, and May 4, 1895, additional counts were filed.

To the amendment so made, and to the additional counts, pleas were filed, alleging that the causes of action "did not accrue at any time within two years next before the commencement of suit thereon by filing" in one plea "the amendment" and in the other "the additional counts." To these pleas the court sustained demurrers, and the cause was tried, and judgment recovered, upon the issues formed upon' the general issues.

The appellee now criticises the language of the pleas, saying that they assume "that the amendment of the declaration was the commencement of the suit;" but that is a misreading of the pleas. They assume that the amendment and additional counts were not the commencement of the suit, but the commencement of suit upon the causes mentioned in them.

Under the original so-called declaration an amendment or additional counts might have counted upon wages earned, or a wrongful discharge, as well as upon negligence causing injury; for "trespass on the case" includes assumpsit. Carter v. White, 32 Ill. 509.

In former cases where this question has arisen, the form of it has been whether the amendment or new count brought in a cause of action different from that stated in the original declaration; but the substance of it has always been whether a cause of action not before sued upon has been brought in. The declaration as it now stands is not a new version of an old story imperfectly told at first, but a version of a story never before told at all, and first presented after the action was barred. The demurrer was wrongly sustained. Fish v. Farwell, 54 Ill. App. 457. Affirmed by the Supreme court, October 11, 1895.

The judgment is reversed, but it is useless to remand the cause, and final judgment will be entered here in favor of the appellant with costs. Reversed.