### Franklin P. Smith and Eben B. Smith, Copartners, v. John Condon.

1. PRACTICE—*Actions on Contracts Against Two or More.*—The rule is inflexible that in actions on contracts against two or more, and all are served with process, judgment must be against all or none.

Assumpsit, on joint contract. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed July 17, 1900. Rehearing denied July 31, 1900.

WALKER & DAVIS, attorneys for appellants.

EDWARD H. MORRIS, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is an action in assumpsit. In the declaration filed it is averred that the defendants below, being the appellee and the Indiana Racing Association, were jointly liable to appellants. Both of said defendants appeared and pleaded separately. A jury was waived and the cause submitted to the court for trial. Upon the trial appellants moved the court for leave to dismiss as to said racing association,

which motion was sustained, and the suit dismissed as to said association. After hearing all the testimony the court found in favor of appellee and entered a judgment against appellants and in favor of appellee for the costs of suit.

Counsel for appellants contend that under the statute of Illinois all joint contracts shall be taken and held to be joint and several (Hurd's Stat., Ch. 76, Sec. 3) and that appellants are entitled in this case to judgment against appellee alone.

In Faulk v. Kellums, 54 Ill. 191, the court says :

" The rule is inflexible that in actions on contract against two or more, and all are served with process, judgment must go against all or none."

Or as stated in Cooper v. McNeil & Higgins Co., 43 Ill. App. 351 (citing many cases) :

" The rule that in actions *ex contractu* the judgment must be against all who are served or appear, or.none, has always existed in this State."

And in Fish v. Farwell, 54 Ill. App. 457, 460 :

" None can be dismissed out of the case and judgment entered against the others."

Whatever may be the merits of other points in this case, the judgment of the Circuit Court must be affirmed for the reason indicated.