W. FRANK GODWIN, Appellee, *vs.* DYAS SPRINGER *et al.* Appellants.

*Opinion announced orally December 13, 1907.* •

1. BRIEFS—*briefs must not quote at length from record.* Briefs of counsel which violate rule 15 of the court (204 Ill. 13,) by setting out in detail and at length the testimony of witnesses, giving questions and answers, will be stricken from the files.

2. SAME—*remedy where insufficient abstract is filed.* Lengthy quotations, *verbatim,* from the testimony in the record by appellee in his brief, in violation of the rule, are not excused by the fact that the appellant imperfectly abstracted the record, as appellee's remedy in such case is to supply the deficiency by an additional abstract and move to tax the cost to appellant.

APPEAL from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding.

Mr. CHIEF JUSTICE HAND announced the opinion of the court:

The court is of opinion that the brief filed by the appellee in this case is in palpable violation of rule 15 of this court, (204 Ill. 13,) which provides that the evidence shall not be set out in detail in the brief filed by either party. The violation of said rule is in this: thàt it appears from an examination of the brief that, commencing with page 37 and extending to page 44, and again commencing on page 60 and extending to page 70, and again on page 75, the brief consists of a copy of the questions and answers given by the witnesses as found in the record. The excuse made

for this is found at the bottom of page 60 of the brief, where it is said that in the abstract filed by the appellants the evidence was not sufficiently abstracted, and for that reason the evidence referred to was printed in the brief.

Rule 14 of this court provides: "The abstract must be sufficient to fully present every error and exception relied upon, and it will be taken to be accurate and sufficient for a full understanding of the questions presented for decision, unless the opposite party shall file a further abstract, making necessary corrections or additions."

Where an abstract is filed by the appellant or plaintiff in error, if the appellee or the defendant in error is not satisfied that the abstract fairly presents the evidence he has the right to file an additional abstract, and in a proper case the court will tax the costs of such additional abstract to the party failing to file a sufficient abstract in the first instance. The failure of appellants to properly abstract the evidence is therefore no justification for appellee's filing a brief in which page after page of the record, giving questions and answers, is found, thereby forcing this court to spend its time in reading, in the brief, evidence which should be found in the abstract. In fact, the manner in which this evidence is incorporated into this brief is in direct violation of the rule in regard to the preparation of abstracts. The evidence should be abstracted in narrative form, and in such manner that the court can readily and speedily grasp the substance of the evidence without reading questions and answers.

The brief of the appellee will therefore be stricken from the files, and he will be given leave, within five days from the 14th instant, to re-print the material matter found in his brief, omitting therefrom all surplus matter, and to re-file the same.          *Brief stricken from files.*