# J. G. Lyons, Plaintiff in Error, v. Hammond Elevator Company, Defendant in Error.

### Gen. No. 4,773.

1. PRINCIPAL AND AGENT—*when relation of established.* Held, that the evidence in this case tended strongly to establish the existence of the relation of principal and agent.

2. RES JUDICATA—*when question of agency is.* The question of agency is one of fact, to be determined upon the hearing of the merits of a cause, and does not become *res judicata* by virtue of the determination of that issue upon a plea in abatement interposed in the same cause.

3. APPEALS AND ERRORS—*when constitutional question not involved.* A constitutional question is not involved upon an appeal by virtue of a witness's refusal to answer questions, etc., upon the ground that his answer would tend to incriminate him.

4. APPEALS AND ERRORS—*when additional abstract should be filed.* If the original abstract is not sufficient to present the question of jurisdiction raised by the appeal, the appellee should file an additional abstract.

5. ASSUMPSIT—*when judgment in, irregular.* A judgment against one of several defendants in assumpsit is irregular; the declaration charging joint liability, the judgment must be against both defendants (unless infancy, bankruptcy, or some like defense has been pleaded).

Assumpsit. Error to the Circuit Court of Livingston County; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed March 11, 1908.

A. C. NORTON and R. B. CAMPBELL, for plaintiff in error.

WHITE & TUESBURG and KERN & BROWN, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

J. G. Lyons, plaintiff in error, brought suit against the Hammond Elevator Company and W. B. Lundy, defendants in error, to recover money lost in speculating in grain and stocks. The suit is brought under section 132 of the Criminal Code. The declaration consists of the common counts. Service of summons was had upon defendant Lundy by reading and upon the company by leaving a copy with Lundy as its agent. The company filed a plea in abatement setting up that it is a Delaware corporation, with its principal office in the city of Wilmington, Delaware, and that it was not found or served with process either upon any officer of said corporation on upon any agent thereof. Issue was joined on this plea and it was agreed that "that issue alone on the plea to the jurisdiction be submitted to the jury, without prejudice to either party hereafter submitting to another jury an issue as to the merits." At the conclusion of the opening statement to the jury of counsel for the company, it was agreed that the jury might consider and render their verdict on the statement as the evidence. The jury found against the company, finding that Lundy was its agent. A trial on the merits was then had and a verdict found against both defendants. On motion a new trial was granted.

The second trial on the merits was had before another judge. The pleas being mislaid, it was agreed that pleas of the general issue, the Statute of Limitations and a plea denying joint liability on behalf of each defendant, and proper replications thereto were considered filed. At the close of plaintiff's evidence, on motion of counsel for the Hammond Elevator Company, the court instructed the jury to find it not guilty, on the ground that there was no evidence tending to show that Lundy was its agent. The court sustained the motion and instructed the jury accordingly. The case then proceeded against Lundy, and a verdict was rendered against him for $1,580. Defendant Lundy made a motion for a new trial, and the plaintiff made a motion for a new trial against the Hammond Elevator Company.

The court overruled both motions and rendered judgment against the plaintiff in favor of defendant elevator company, and in favor of the plaintiff against Lundy. Lyons prosecutes this writ of error to reverse the judgment in favor of the elevator company, and Lundy has entered his appearance but filed no briefs.

The evidence shows that a private wire ran from the Hammond Elevator Company's office in Indiana to Lundy's office in Pontiac; that Lyons is a telegraph operator and had worked for Lundy and knew the code used between the company and Lundy. Lyons testified to orders he heard sent over the wire and answers returned. There was admitted in evidence without objection a part of the opening statement made by the company's attorney on the trial of the issue in abatement in which is the statement that "the Hammond Elevator Company pays Lundy for his services in receiving and communicating bids, arranging sales, the Hammond Elevator Company pays Lundy a dollar a car, or whatever it is." An officer of the Livingston County National Bank at Pontiac showed that Lundy deposited large sums in the bank to the credit of the company for which he carried a pass book; that no one in Pontiac drew checks on this account, but checks signed by the Hammond Elevator Company were usually presented by Lundy. The testimony tended strongly to show that Lundy was the agent of the company. We conclude that the giving of the peremptory instruction in favor of the elevator company was error.

The plaintiff offered in evidence the plea in abatement, the verdict, and the judgment *respondeat ouster,* and the court refused to admit them. The ruling was correct because it was not a final judgment.

The refusal of the court to compel Lundy to answer certain questions and to produce statements and books is also assigned for error. It is insisted by the company that a constitutional question is involved because Lundy was under indictment for violating the Criminal Code by the transactions in controversy, and that such answers or statements might tend to incriminate him. That was an objection

personal to Lundy and could not be made by any other person for him. The abstract does not show that any such objection was made by Lundy. If anything has been omitted from the abstract which would deprive this court of jurisdiction the defendant in error, Hammond Elevator Company, should have filed an additional abstract. Godwin v. Springer, 231 Ill., 40. There is nothing before us showing that any such question was raised in the trial court, and it cannot be raised here for the first time.

The defendant company seeks to take advantage of various irregularities in the trial to defeat this writ of error, but has not indicated in what way it is entitled to take advantage of such irregularities. This suit is assumpsit and is in form *ex contractu*. The statute (Criminal Code, section 132) under which this suit is brought permits suit to be brought either in an action *ex contractu* or *ex delicto*. Lyons, having chosen to bring his action *ex contractu,* is bound by the established rules of practice applicable to that character of cases. If plaintiff failed to make out a case against the company, the proof did not correspond with the pleadings and the court should have directed a verdict in favor of both defendants unless the plaintiff should dismiss as to one defendant and amend his pleadings so as not to charge joint liability. In assumpsit the verdict and judgment must be against all defendants in court or none, unless some defense personal to some defendant, such as infancy, bankruptcy, etc., is pleaded or the case is governed by some statute, as in the case of negotiable instruments. Black on Judgments, section 206; Claflin v. Dunne, 129 Ill., 241; Gould v. Sternburg, 69 Ill., 531.

Plaintiff having failed to dismiss as to the Hammond Elevator Company and amend his declaration, the subsequent verdict and judgment against Lundy is irregular and erroneous. The entire judgment, both that against plaintiff in favor of the company for costs, and that in favor of plaintiff against Lundy, is reversed and the cause remanded.

*Reversed and remanded.*