## Ford Jones, Administrator, Appellant, v. City of Chicago, Appellee.

## Gen. No. 15,979.

PLEADINGS—*what not part of.* While it is the common practice in equity to make exhibits a part of the pleadings it is not proper to make exhibits a part of common law pleadings.

Assumpsit. Appeal from the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded with directions. Opinion filed February 5, 1912.

WALTER S. HOLDEN and G. FRED RUSH, for appellant.

EDWARD J. BRUNDAGE, for appellee; GEORGE M. BAGBY, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff, the appellant here, on March 30, 1903, began a suit in assumpsit in the Circuit Court of Cook county against the defendant, the appellee here. The

declaration consisted of the common counts and a special count, wherein it was averred that Hiram J. Jones performed certain services at the special instance and request of the defendant, "and being so indebted the defendant in consideration thereof, to-wit, on the twelfth day of April, A. D. 1893, then and there accepted and approved in writing statements rendered therefor by said Hiram J. Jones, which said accepted and approved statements are attached hereto and made a part of this declaration, and said defendant then and there promised," etc. The declaration was subsequently by leave of court amended by making profert of the letters of administration. A general demurrer to the amended declaration was overruled. The defendant thereupon filed six pleas, one of which was a plea of the five year statute of limitations, and another of the ten year statute of limitations. The plaintiff demurred to said pleas of the statute of limitations and the court overruling same the plaintiff elected to abide by his demurrers. The court thereupon entered judgment for the defendant and plaintiff appealed.

The declaration averred that the cause of action accrued April 12, 1893. The suit was begun March 30, 1903, within ten years. The declaration further averred that for services rendered for the defendant at its special instance and request the defendant, on said April 12, 1893, "accepted and approved in writing statements rendered therefor." The declaration averring an approval and acceptance in writing by the defendant of statements rendered by the plaintiff for services, it appears that both pleas of the statute of limitations were subject to demurrer.

It seems that the argument before the trial court was whether or not the exhibits attached to the declaration were evidence of a debt in writing. The error was evidently the result of considering the copies of the exhibits attached to the declaration as a part

thereof.    While it is a common practice in equity to make exhibits a part of the pleadings, it is not permissible under common law pleading prevailing in this state.    Harlow v. Boswell, 15 Ill. 57; Stratton v. Henderson, 26 Ill. 68; Humphrey v. Phillips, 57 Ill. 132; Hippach v. First Nat'l Bank, 169 Ill. 515; Bayles v. Chytraus, 175 Ill. 370; Gossett v. Union Mutual Accident Assoc., 27 Ill. App. 266; Byrne v. Clark, 31 Ill. App. 651; Thompson v. Kimball, 55 Ill. App. 249; People v. Pace, 57 Ill. App. 674.

The remark of the court in Gunton v. Hughes, 181 Ill. 135, pertaining to a ruling on a demurrer there under discussion—"To overrule it here would unsettle rules of pleading long established, and introduce confusion and uncertainty where none now exist.    The distinctions between common law and equity pleadings are well defined and well understood by the legal profession and cannot be ignored"—is peculiarly applicable to the question here considered.

Counsel for both parties agree that the only question presented by this appeal is the sufficiency of the said pleas of the statute of limitations, and from the record as presented we are precluded from passing on any other question.

The judgment is reversed and the cause remanded with instructions that the court sustain the demurrer to the said pleas of the statute of limitations.

*Reversed and remanded with directions.*