## Jay Clifford McCally, Defendant in Error, v. Blue Ribbon Gum Company, Plaintiff in Error.

### Gen. No. 16,882.

CORPORATIONS—*assumption of indebtedness incurred prior to incorporation.* Where it appears from the evidence that the two promoters of a corporation, who became president and secretary subsequent to incorporation, promised to pay a prior indebtedness due an attorney for organizing such corporation as soon as the company became able, that they frequently stated that they would pay or see to it that payment was made, that part of the debt had been paid by the secretary individually, and that just prior to complete organization a vote was made authorizing the drawing of an order to pay all indebtedness which was signed and approved by the board of directors subsequent to complete organization, such facts are sufficient to warrant a finding, that the indebtedness was adopted by the corporation.

Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912. Rehearing denied October 17, 1912.

MANCHA BRUGGEMEYER and T. M POYNTON, for plaintiff in error.

WILLIAM J. CANDLISH, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

The Blue Ribbon Gum Company, a corporation, hereinafter called defendant, is seeking the reversal of a judgment against it, obtained by Jay Clifford McCally, hereinafter called plaintiff, upon a trial by the court in a suit brought, as stated by plaintiff, "for money paid out and services rendered to the defendant at its special instance and request." The trial

court found $300 due for services and $120 due as a balance for advances made by plaintiff, and entered judgment for $420.

Plaintiff is an attorney at law, and the money advanced by him was to pay the fees which the State requires before it will issue a charter. A large part of the evidence was rendered in taking the necessary steps towards the incorporation of the defendant. The payment by the plaintiff of the fee for the charter and the performance of his services were done at the request of D. W. Norris and F. B. MacLean, who were promoting the company. MacLean subsequently became president and Norris the secretary and treasurer of the company. There is evidence tending to show that after the corporation was duly organized MacLean, the president, and Norris, the secretary and treasurer, agreed with plaintiff that he should be paid for his services theretofore rendered the sum of $300, and also the amount of his advances, but whether or not such promises were made on behalf of the corporation so as to bind it, or as promises of the promoters as individuals, is a question upon which the members of this court have not been able to reach a unanimous agreement. However, a majority of the court is of the opinion that there is sufficient evidence tending to show an assumption by the company of the indebtedness originally owing from MacLean and Norris as individuals to the plaintiff.

The testimony of plaintiff touching the promises after incorporation to pay plaintiff is in brief: "Mr. Norris said, 'Mr. McCally, you will never lose a cent; the company will see that you are paid.' And McLean has said that it was too bad they had not been able to sell any stock. * * * they would pay me all that I paid out for and on behalf of the company." "I talked with him (Norris) at various other times, at which time it was agreed I should receive the sum of $300 for services theretofore rendered." "Almost every day I would see Norris, and we would discuss the

finances of the company, and he would state that I was to be paid that amount." "The company never was financially able to pay me, but it would pay nevertheless; the moment it got any money I was to be paid. He promised it at various times." "Both of them (Mac Lean and Norris) promised to pay this * * * as agreed originally." "And again MacLean said it was too bad, he would see that it was paid. He was sorry he could not take care of it at that time. And on another occasion Norris said he knew he owed it and would pay it just as soon as he could, but he did not have any money and could not pay it now."

The evidence further shows that plaintiff had borrowed the money with which to pay for the charter and had given his personal note therefor; and the plaintiff and the holder of the note testified that one Bruggemeyer, who had subsequently acquired stock in the company, said to the holder of the note that "the company would be in shape to pay the loan within the next two weeks from that time." This is denied by Bruggemeyer. It further appears that of the amount advanced by plaintiff originally $350, all but $120 was repaid to plaintiff by Norris individually. It appears also from the minutes of the corporation, that at the first meeting of the board of directors, which was held four days before the company was completely incorporated and authorized to do business, the secretary was instructed by vote to "draw an order on the treasurer for the payment of all bills for expense of incorporating, for the sale of certificates of stock and records incidental thereto." And following this is a statement, signed by the full board of directors, that "the above and foregoing minutes are hereby ratified, affirmed and approved." This statement, however, is not dated, and the only evidence is that this approval was signed "later."

In the opinion of the majority of the court, the foregoing facts are sufficient to evidence the adoption and

assumption by the company of the indebtedness due plaintiff, and the judgment is therefore affirmed.

*Affirmed.*

MR. JUSTICE McSURELY dissenting: The dissenting member of the court is of the opinion that an officer of the corporation who is interested in shifting an indebtedness from himself onto the corporation cannot do so by loose and ambiguous statements, such as were made in this case. At most these statements amounted merely to a guaranty that the corporation would pay the indebtedness, and did not constitute the undertaking of the corporation itself.