FOURTH DISTRICT—APRIL, 1917.          351

Erd et al. v. Rapid Transit Co. of Illinois et al., 206 Ill. App. 351.

## Charles E. Erd and Loren E. Massey, trading as Erd & Massey, Appellees, v. Rapid Transit Company of Illinois and Charles B. Vonnahme, Appellants.

1. CORPORATIONS, § 25*—*when corporation not liable for services of attorneys rendered before incorporation.* In an action against a corporation for attorneys' fees, where the services in question were rendered partly before incorporation and partly thereafter, and no express promise to pay for the services rendered prior to the organization was made by the corporation or its authorized officer, *held* that plaintiffs were not entitled to recover from the corporation for services rendered prior to its incorporation.

2. CORPORATIONS, § 25*—*what is liability for debts contracted prior to organization.* In Illinois a corporation is not liable for debts contracted or services rendered under a contract with the incorporators prior to its organization, unless the corporation promises to pay the same after its organization.

3. CONFLICT OF LAWS, § 22*—*what law governs as to liability for services performed in another State prior to organization of corporation.* In an action against an Illinois corporation for attorneys' fees, where the services were partly rendered before and partly after incorporation, and no promise was made by the corporation to pay for services performed prior to the organization, and it was contended that as the services were performed in Missouri, where, contrary to the rule in Illinois, recovery against a corporation could be had under the authorities of that State for services performed prior to the organization, *held* that under the Missouri authorities recovery was permitted for such services for the reasonable value thereof, not under the contract made prior to the organization but under a contract implied from the acceptance, after the incorporation, of the benefit of the services, but that the Missouri rule was not applicable, as any implied acceptance by the defendant corporation must have occurred in Illinois, and hence the Illinois rule must prevail.

4. CONFLICT OF LAWS, § 12*—*what law governs as to enforcement of contract.* While the courts of Illinois will enforce contracts made in another State in accordance with the construction given them by the courts of that State, they will not imply a contract from facts out of which no contract can arise under the rules of law adopted by the courts of Illinois.

5. CONTINUANCE, § 10*—*when denial of proper.* The denial of a

---

*See Illinois Notes Digest, Vols. XI to XV. and Cumulative Quarterly, same topic and section number.

continuance on the grounds of the absence of the president and manager of a defendant corporation, and insufficient time to prepare for trial, *held* properly refused as the affidavit failed to show that the absence of such president was necessary or unavoidable.

6. APPEAL AND ERROR, § 1793*—*when judgment reversed as to all defendants*. In an action against a corporation and one of the incorporators to recover attorneys' fees for services performed partly prior to incorporation and partly after, where there was no promise by the corporation to pay for the services performed prior to its organization, and the judgment was against both defendants, *held* that as such incorporator could not in any event have been made liable for services performed after the organization of the incorporation, and as the judgment must be against all or none, such judgment must be reversed.

7. APPEAL AND ERROR, § 1793*—*when judgment must be reversed as to all defendants*. Where, in an action of assumpsit, a judgment is rendered against several defendants and it is necessary to reverse the same as to one, it must be reversed as to all.

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

TERRY, GUELTIG & POWELL, for appellants.

N. C. LYRLA, for appellees; ERD & MASSEY, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellees, Charles E. Erd and Loren E. Massey are attorneys residing in St. Louis, Missouri, and practicing under the firm name of Erd & Massey. In July, 1915, Charles B. Vonnahme, Daniel P. Roberts, now president of appellant company, A. Hoffman, Jr. and James C. Meyers came to the office of appellees in St. Louis and consulted them with reference to forming a corporation under the laws of Illinois, for the purpose of constructing and operating an electric railway from East St. Louis, Illinois, to some point

south. Other conferences were held, and in pursuance of them appellees prepared all papers and took all steps necessary and secured the organization of the Rapid Transit Company of Illinois, one of the appellants. Appellees then prepared by-laws and minutes of the first meeting of stockholders and directors, directed the incorporators as to the manner of holding these meetings, and purchased a minute book for $3.75. Appellees also prepared, at the request of Daniel P. Roberts, as they claim, forms of city and village ordinances granting the company permission to operate its railway over streets, forms of release for right of way, and other papers necessary for securing the right of way. Appellees claim they were consulted frequently by officers of the corporation after its organization until about September 8, 1915, when they learned another attorney had been employed. Appellee Erd testified that he was first consulted by appellant Vonnahme and, in a conversation as to their fee in the matter, they finally agreed that if Vonnahme would make the stock of the company worth par, appellees would take $1,000 worth of the stock for their fee, but this did not include fees for drafting ordinances and right of way papers. Appellants contend that appellees are bound to take their fees in stock and appellees contend they are not unless the stock is made worth par, and that having waited a reasonable time for such stock, and no stock having been yet issued, they are now entitled to recover a reasonable amount in cash for their fees. This suit was brought against the Rapid Transit Company of Illinois and Dr. Charles B. Vonnahme for $250 for fees for such services, and $3.75 expended for a minute book for the company. Appellants made a motion for a continuance of the case, on the ground of the absence of F. D. Roberts, president and manager

of the company, and also on the ground they had not had sufficient time to prepare the case for trial. This motion was overruled and the case was tried before a jury, resulting in a verdict for $253.75 in favor of appellees, and judgment for that amount having been rendered, defendants appealed.

There is no question but that the fees recovered were reasonable. The court did not commit error in overruling the motion for a continuance. It did not appear from the affidavit in support of the motion that the absence of Roberts was necessary or unavoidable. He was president and manager of the company and directly interested in the suit. After service of summons it became his duty to attend court and keep informed as to the progress of the case, and the affidavit was amended to show that Roberts came into court during the argument of the motion. The evidence clearly shows that the contract for the services rendered was made with the incorporators and that the appellant corporation received the benefit of such services after it was formed. The evidence does not, however, show any express promise made by the corporation or its authorized officer, after its organization, to pay for the services rendered by appellees prior to the organization, under the contract with the incorporators. The authorities of the different States appear to be in conflict as to the liability of corporations under such circumstances. The decided trend of the decisions of the courts of this State is that a corporation is not liable for debts contracted or services rendered under a contract with its incorporators prior to its organization, unless the corporation expressly promises to pay the same after its organization. *Gent v. Manufacturers & Merchants' Mut. Ins. Co.,* 107 Ill. 652; *Western Screw & Manufacturing Co. v. Cousley,* 72 Ill. 531; *Rockford, R. I. & St. L. R. Co. v. Sage,* 65 Ill. 328; *McCally v. Blue Ribbon Gum*

FOURTH DISTRICT—APRIL, 1917.     355

Erd et al. v. Rapid Transit Co. of Illinois et al., 206 Ill. App. 351.

*Co.*, 173 Ill. App. 66; *Lawrence v. Nyberg Automobile Works*, 162 Ill. App. 348.  A large portion of the services of appellees were rendered prior to the organization in taking steps necessary in the incorporation of the company.  The doctrine adopted by courts of this State would seem to be based on sound reasoning for, as stated in *Rockford, R. I. & St. L. R. Co. v. Sage, supra:* "A right of recovery against a corporation for anything done before it had a proper existence, does not appear to rest on any very satisfactory legal principle," or as said in 10 Cyc. page 265: "It is difficult to understand how the corporation could be estopped by accepting benefits which it had no power to reject, without uncreating itself."  If therefore the contract is to be governed by the rules of law applicable in this State, this judgment cannot be permitted to stand.  Counsel for appellant contend, however, that as the contract between them and the incorporation was entered into at their law office in St. Louis, and all the services rendered by them were performed at that place, the *lex loci contractus* should control and not the *lex fori*, and that under the laws of the State of Missouri they are entitled to recover.  It in fact appears to be well settled in Missouri that an attorney may recover for services rendered by him in the preparation of articles of incorporation and for other necessary services performed by him in the organization of a company as upon an implied promise to pay reasonable compensation if such services are accepted by the company.  In *Taussig v. St. Louis & K. Ry. Co.*, 166 Mo. 28, the Supreme Court of that State held that for such services the attorney performing them might recover upon an implied promise to pay their reasonable value.  It is to be observed that the language used by the court is that "for such services the plaintiff may recover upon an implied promise to pay their reasonable value" so

that the corporation appears to be held liable, not under the contract for services made before its organization but under a contract implied from the acceptance, after the incorporation, of the benefit of such services. In this case the corporation sued is an Illinois corporation, and any implied acceptance by it after the incorporation of services rendered by appellee before that time must have occurred in the State of Illinois, where the corporation was created and existed, and therefore such implied contract, if any, must have arisen in this State and should be governed by the laws of this State. While the courts of Illinois will enforce contracts made in another State in accordance with the construction given them by the courts of that State, they will not imply a contract from facts out of which no contract can arise under the rules of law adopted by the courts of this State. Under this rule appellees were not entitled to recover for services rendered the company prior to its incorporation. For services rendered the appellant company after the incorporation, it would be liable to pay appellees, but for services rendered before that time, appellees have only a right of recovery against the parties who employed them.

There is another reason why this judgment cannot be permitted to stand. Charles B. Vonnahme, one of the incorporators, who is made a party defendant to the suit with the Rapid Transit Company, could not in any event be made liable for such portion of the services as were rendered after the incorporation was completed. But "the rule is inflexible that in actions on contract against two or more, and all are served with process, judgment must go against all or none." *Faulk v. Kellums,* 54 Ill. 188; *Smith v. Condon,* 90 Ill. App. 314. Where in an action of assumpsit a judgment is entered against several defendants and it is necessary to reverse the same as to one, it must be re-

versed as to all.  *Fuller v. Robb*, 26 Ill. 246; *Lyons v. Hammond Elevator Co.*, 139 Ill. App. 495.  For the reasons above given, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*