## Case No. 5,354.

### GEORGIA INS. & TRUST CO. v. ELLICOTT et al.

[Taney, 130.][1]

Circuit Court, D. Maryland. Nov. Term, 1849.

LIMITATIONS — ACKNOWLEDGMENT — INCLUDING DEBT IN LIST FILED BY INSOLVENT.

1. In order to remove the bar of the statute of limitations, it is necessary that there should either be an express promise to pay, or an admission of the debt, in such terms as imply that the party is liable and willing to pay.

[Cited in Kirk v. Williams, 24 Fed. 446.]

2. Where a person applies for the benefit of the insolvent laws of Maryland, the list of debts due by him, required to be filed with his application, is not such admission of indebtedness, as, upon just construction, can be held to imply that he is willing or intends to pay such indebtedness to its full extent.

3. On the contrary, the very object of the petition, and the list of debts or other papers accompanying it, is to be discharged from his debts without payment in full.

Plaintiff's prayers: "1. The plaintiff prays the opinion of the court and their instruction to the jury, that the return of the debt sued on in this case, in the schedule of the defendants [Evan J. Ellicott, Andrew Ellicott, and Elias Ellicott], when they made their respective applications for the benefit of the insolvent laws of Maryland, is evidence to the jury of an acknowledgment of the said debt by the defendants, sufficient to remove the bar of the statute of limitations, pleaded in this case, so far as to entitle the plaintiff to recover a judgment to affect the property of the defendants, which they may hereafter acquire by gift, descent or devise, or in their own right by due course of distribution. 2. The plaintiff prays the opinion of the court and their instruction to the jury, that the return of the debt sued on in this case, in the schedule of the defendants, when they made their respective applications for the benefit of the insolvent laws of Maryland, is evidence to the jury of an acknowledgment of the said debt by the defendants, sufficient to remove the bar of the statute of limitations, pleaded in this case."

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

D. Stewart, for plaintiff.

John Glenn, for defendants.

TANEY, Circuit Justice. It appears from the evidence, that the claim of the plaintiff is barred by the act of limitations, unless the bar is removed by the subsequent admissions of the defendants. The admission relied on is contained in the papers filed by them upon their application to the commissioners for the benefit of the act passed by the general assembly of Maryland for the relief of insolvent debtors. This law requires the applicant to present with his petition a list of the debts then due by him. And in the list of debts due from them, presented by the defendants, the claim in question is stated to be one; and three years had not elapsed from the time the petition was presented before this suit was brought. In order to remove the bar of the statute, it is necessary that there should either be an express promise to pay, or an admission of the debt, made in such terms as would imply that the party was liable and willing to pay. This was the decision of the supreme court in the case of Moore v. Bank of Columbia, 6 Pet. [31 U. S.] 86; and this decision is perhaps entitled to the more weight, because it was made upon the construction of the statute of limitations of Maryland, which, by act of congress, was the law of that part of the district in which the suit had been brought.

There is no express promise in this case, nor can the admission, upon any just construction, be held to imply that the defendants are willing or intend to pay the debt to its full extent; on the contrary, the very object of the petition, and the list of debts or other papers that accompany it, is to be discharged from this and other debts without paying the full amount; and if we were to construe this admission to imply a promise on their part to pay the whole claim, and sufficient to authorize a verdict for the entire debt, we should expound it in direct contradiction to its obvious meaning. They make the admission in order to obtain a discharge without full payment, and to be released from so much of it as their property may be found insufficient to pay. The second instruction asked for cannot, therefore, be given.

The first is equally objectionable. Undoubtedly, any property which the defendants may have since acquired, or may hereafter acquire, by descent, devise or in the course of distribution, will be liable for this debt, as well as the other debts mentioned in their schedules; but there is no evidence that the defendants have acquired property of any kind, by either of these modes, since their petition; and consequently, there is no testimony in the case upon which this instruction could be founded.

The verdict of the jury must, therefore, be for the defendants. Verdict for defendants.