Noah B. Harlow, Plaintiff in Error, *v.* Thomas Boswell, Defendant in Error.

### ERROR TO UNION.

A plea of *non assumpsit* to an action of debt is bad. Where a declaration avers that a note is past due, if it was not in fact due, the defendant should set it out on oyer and demur to the declaration; or he may object to the introduction of the note in evidence at the trial; a plea that the note is not due and payable is bad.

A plea of failure of consideration cannot be interposed to a note in the hands of a *bonâ fide* assignee before maturity.

A plea which seeks to vary the terms of a written instrument, by the parol declarations of the parties, made before or at the time of its execution, is bad. Where the parties commit their contract to writing, this forms the only evidence of its terms.

The copy of a note attached to a count, forms no part of the declaration.

This cause was heard before Denning, Judge, at April term, 1850, of the Circuit Court of Union county. A judgment was rendered for the plaintiff below on the following note : " Twelve months after date, for value received, I promise to pay G. W. Allen, or W. H. Reed, his agent, fifty dollars, or as soon as I can sell the above amount of Allen's vegetable tonic. Witness my hand and seal, Oct. 7, 1847. (Signed) N. B. Harlow. [seal]." Indorsed, " For value received I assign the within note to Thomas Boswell. April 11, 1847."

C. G. SIMONS, for plaintiff in error.

J. DOUGHERTY, for defendant in error.

TREAT, C. J.   The only questions in this case relate to the sufficiency of the first, third, fourth, and fifth pleas.   The declaration was in debt on a promissory note, made by the defendant to Allen, payable twelve months after date, and assigned by the payee to the plaintiff before it became due.

The first plea was *non assumpsit*.   It was not adapted to the form of action, and was properly held bad on demurrer.

The third plea averred in general terms that the note was not due and payable.   The plea was clearly bad.   The note, as described in the declaration, was overdue when the action was commenced.   If it was not in fact then due, the defendant should have set out the note on oyer, and demurred to the declaration.   In that way, the matter might have been distinctly presented to the court.   He might also have raised the same question on the introduction of the note in evidence.   If not due, it would not have corresponded with the one described in the declaration, and would have been excluded on the ground of variance.

The fourth plea was one of failure of consideration.   Such a defence cannot be interposed to a note in the hands of a *bonâ fide* assignee before maturity.   The plea contained no averment, either that the note was assigned to the plaintiff after it fell due, or that he had notice of the defence when he received the assignment.   For the lack of one of these allegations, the plea was obnoxious to a demurrer.

The fifth plea alleged in substance, that it was agreed between the payee and the defendant at the time of the execution of the note, that it should not become due and payable until the latter should sell $50 worth of Allen's vegetable tonic, and that the right to vend the tonic in Monroe county formed the only consideration for the note; that the defendant had not sold any of the tonic, nor could he have sold any by the use of due diligence; and that the plaintiff had notice of the agreement previous to the assignment of the note.   There is a fatal objection to this plea.   It attempts to vary the terms of a written instrument by the parol declarations of the parties, made at the time of its execution.   This is wholly inadmissible.   Where parties commit their contract to writing, the writing forms the only evidence of its terms.   The prior and contemporaneous verbal agreements of the parties, are merged in the written contract.   Lane *v.* Sharpe, 3 Scam. 566; Abrams *v.* Pomroy,

13 Ill. 133. The note on its face was payable absolutely. The plea seeks to show by parol that it was payable on a contingency.

It is insisted that the demurrer to the pleas should have been carried back and sustained to the declaration. The first count is unquestionably good. It is in the usual form upon a promissory note, made by the defendant, and assigned by the payee to the plaintiff. There is nothing to indicate that the note was not certainly payable. The copy of the note attached to the count formed no part of the declaration, and could not be noticed on demurrer. If the instrument was not a negotiable note, and therefore not assignable, the defendant should have craved oyer, and set it out on demurrer to the declaration.

The judgment is affirmed.

*Judgment affirmed.*