Statement of the case.

## PATRICK J. GARRITY

*v.*

## FUSTENO LOZANO *et al.*

1. PRACTICE—*affidavit of claim.* The statute does not require the affidavit of the plaintiff's claim to be made by the plaintiff, but it may be made by any person having the necessary knowledge on the subject.

2. BILL OF EXCEPTIONS—*presumption when it does not contain all the proofs.* Where the bill of exceptions does not purport to contain all the proof heard on a motion to strike the defendant's pleas from the files for want of a sufficient affidavit of merits, it will be presumed that an affidavit was filed with the plaintiff's declaration, sufficient to require of the defendant an affidavit of merits.

3. SAME—*what must be preserved in.* Copies of instruments sued on, copies of accounts and affidavits filed in an action at law, are not parts of the record, unless so made by being embodied in a bill of exceptions.

4. SAME—*proof on motion to set aside levy.* Although an affidavit may show sufficient ground for sustaining a motion to set aside a levy under an execution, yet, if the bill of exceptions does not state that it contains all the evidence on the motion, it will be presumed that other proofs were heard, justifying the ruling overruling the motion.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, by the defendants in error, against the plaintiff in error, upon a draft and two promissory notes. There was filed with the plaintiff's declaration an affidavit, of which the following is a copy:

"Daniel K. Tenney, being duly sworn, says he is one of the attorneys of the plaintiffs in the above entitled cause; that the demand of the plaintiffs in the above entitled cause is for money due upon an unaccepted draft and two promissory notes, copies of which are attached to the declaration of the plaintiffs filed herein; that said draft and two promissory notes, each and all of them, remain wholly unpaid, and that there is due to the plaintiffs from the defendant, after allowing just credits, etc., nine hundred and thirty-four $\frac{49}{100}$ dollars ($934.49), being the same cause of action," etc.

The defendant's pleas were stricken from the files for want of an affidavit of merits, and judgment rendered in favor of the plaintiffs for $934.49, and costs of suit.

Mr. JOHN GARTSIDE, for the plaintiff in error.

Messrs. TENNEYS, FLOWER & ABERCROMBIE, for the defendants in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is first insisted, that the court erred in striking from the files defendant's plea, for want of an affidavit of merits. Appellant makes the point, that no sufficient affidavit of merits had been filed with the declaration, so as to require of him an affidavit of merits to be filed with his plea. The affidavit shown by the record to have been filed with the declaration, was made, not by the plaintiff, but by his attorney. Appellant insists that a true construction of the statute demands that such affidavit should be made by the plaintiff in person. This court has, heretofore, ruled that the statute does not require such affidavit to be made by the plaintiff, but that it may be made by any person having the necessary knowledge on the subject; and a majority of the court are of opinion that the affidavit shown in the record is a compliance with the statute.

The writer of this opinion thinks this affidavit is not sufficient, because it is made by a party who seems a stranger to the business of which he speaks, and it is not shown that the affiant had sufficient means of knowledge to enable him to speak with confidence as to whether any just credits did or did not exist.

The bill of exceptions, however, in this case, does not purport to give *all the proofs* which were heard by the circuit court upon the motion to strike the plea from the files. Until the contrary affirmatively appears, we will presume that an affidavit was filed with the declaration of plaintiffs sufficient to require of defendant an affidavit of merits. Another affidavit,

in every respect free from any ground for criticism, for aught that appears in this record, may have been filed with the declaration. Copies of instruments sued upon, copies of accounts and affidavits filed in an action at law, are not parts of the record, unless so made by being embodied in a bill of exceptions.

It is next insisted, that the circuit court was in error in refusing to set aside the levy of the execution on the personal property of appellant. The bill of exceptions sets out *in hæc verba* an affidavit of appellant which was read on that motion, but it does not show that no other affidavits or proofs were produced upon that motion. We are of opinion that the affidavit set out in the record does not state facts sufficient to require the levy to be set aside. Be this as it may, inasmuch as the bill of exceptions does not state that it contains *all* that was before the court on that motion, we must presume that other proofs were heard, which made a proper foundation for the order of the court refusing to set aside the levy.

The judgment of the court below is affirmed.

*Judgment affirmed.*