## JOSEPH MEYER *et al.*

### *v.*

## BEVERLY WILTSHIRE.

1. AMENDMENTS—*change of form of action allowable.* An amendment permitting a change in the form of action from assumpsit to debt is authorized by the statute.

2. ESTOPPEL—*by execution of bond.* Where a bond is given by a collector to the sheriff in a county not under township organization, the obligors on such bond are estopped by the execution thereof from denying the official capacity of the sheriff, the power to appoint the deputy collector, and the rightfulness of the appointment.

3. PLEADING AND EVIDENCE—*set-off.* Where, in an action upon a bond, the plea of *nil debet* contains a notice of set-off, all evidence is admissible thereunder that would be admissible under a plea of set-off.

4. PRACTICE—*time to object for want of bond for costs.* The objection of the want of a bond for costs can not be taken for the first time in this court. The provision of section 3, chapter 33, Rev. Stat. 1874, that "the right to require security for costs shall not be waived by any proceeding in the cause," has no application in the Supreme Court, where the question is as to the correctness of the judgment below.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

Mr. JOHN MICHAN, for the appellants.

Per CURIAM: This was an action of assumpsit, brought by Wiltshire, sheriff of Randolph county, against Thompson, the principal, and the other defendants, sureties upon a collector's bond given by the defendants to the plaintiff as such sheriff. The plaintiff had judgment below and the defendants appealed.

The errors assigned are without any merit. They are:

That the court permitted an amendment by change of the form of action from assumpsit to debt. This is authorized by the statute.

That the court sustained demurrers to six pleas. They were, that the bond was taken without lawful authority; that Thomp-

son was not legally appointed deputy collector; that Wiltshire was not the legally qualified collector of taxes in the county; that Wiltshire was not the collector of taxes in township 5 south, range 8 west, in Randolph county (the town in which Thompson was appointed) and did not have any legal right to appoint Thompson collector of said township and to take the bond; that Randolph county was not under township organization; lastly, plea of set-off.

The plea of *nil debet,* which was in the case and upon which issue was joined, contained a notice of set-off. Under this notice all that was set up in the plea of set-off was admissible in evidence. The court takes judicial notice that Randolph county was not under township organization. The other matters of defence set up in the other pleas defendants were estopped by the bond they had entered into from alleging. The bond admitted the official capacity of the sheriff, the power to appoint the deputy collector, and the rightfulness of the appointment.

As to the error assigned, of giving judgment when there was no bond for costs in the case, there was no motion in the court below to dismiss for that reason, and the objection of the want of a bond for costs can not be taken advantage of for the first time in this court. The present provision in sec. 3, chap. 33, Rev. Stat. 1874, that "the right to require security for costs shall not be waived by any proceeding in the cause," has no application here, where the question is as to the correctness of the judgment below.

It is not pointed out wherein there was error in admitting the bond in evidence, and we perceive none.

The evidence sustains the judgment and it is affirmed.

*Judgment affirmed.*