Wagner v. Eaton et al.

except in cases where evidence is introduced without objection in reference to causes of action not embraced in any pleadings, but we quote the rule established in that state to show to what extent the courts have gone in their liberal construction of pleadings and proceedings in justice's courts.

The evidence in the case now under consideration disclosing, as it does, the issue that was actually tried by the implied assent of the parties, and the same being a part of the record, the appellant is well protected against any future prosecution for the same cause. The testimony of the appellee in his own behalf, if true, is sufficient to sustain the verdict.

Such evidence is flatly contradicted by the testimony of the appellant, but it was the exclusive province of the jury to determine the weight and credibility of all the testimony. Such determination is not subject to review by this court.

The record discloses no error.

Judgment affirmed.    All concur.

THEODORE WAGNER, Plaintiff in Error, v. CYRUS EATON ET AL., Defendants in Error.

*January 14, 1882.*

PRACTICE, REVIEW.    (1) *Bill of exceptions not certified to contain all the evidence is not reviewable.*

SAME, SAME.    (2) *Verdict or finding; presumption as to correctness.*

RECORD.    (3) *Accounts, affidavits, copies of instruments sued on, how made a part of record.*

STENOGRAPHER.    (4) *Duty of court to employ.*

PRACTICE.    (5) *Appeals involving small sums discouraged.*

1.    Where the bill of exceptions had attached to it no certificate that it contained all the evidence in the case, and referred the court to a transcript for a very important affidavit which was used on the trial as evidence but which was not incorporated in the bill of exceptions,

the supreme court will not examine the evidence on a motion for a new trial.

2. Verdict of jury, or finding by court, presumed correct until the contrary is shown.

3. Copies of instruments sued on, copies of accounts and affidavits filed in an action at law are not parts of the record, unless embodied in the bill of exceptions.

4. To facilitate the drawing of bills of exceptions and to secure the rights of parties against errors in the evidence, each district court should have a competent reporter to take testimony in all important trials; and any want of authority there may be in existing laws to appoint and pay such officers, should be supplied by appropriate legislation.

5. The practice of the supreme court is to discourage appeals to it in cases involving small sums.

Error to District Court of San Miguel county.

The facts appear sufficiently in the opinion of the court.

*Lee & Fort*, for defendants in error.

This suit was upon a written instrument. The names and description of parties are the same as designated in said instrument. See Prince's Statutes, page 123.

A motion for a continuance is addressed to the sound discretion of the court, and there is nothing in this case to show any abuse of it.

The plea of the defendant put in issue the execution of the note, and the evidence introduced was legitimate under this issue.

The judgment is regular in every respect. We ask the judgment affirmed with damages.

PARKS, Associate Justice: In this case the plaintiff in error, Wagner, admits the execution of a note to the defendants in error for $125, but denies that the note as executed by him was to draw interest. The interest found by the jury was $16.67.

The errors assigned are nine in number. Before the plaintiff in error can consistently ask us to examine so many

errors for so small an amount, he should furnish us with a correct bill of exceptions. There is no certificate to this bill of exceptions that it contains all the evidence in the case. On the contrary, we are referred in the bill itself to the transcript for a very important affidavit which was used on the trial as evidence, and is not incorporated in the bill of exceptions. The supreme court of Illinois in *McPherson v. Nelson*, 44 Freeman, say that they have "uniformly held that when the bill of exceptions fails to show that it contains all of the evidence, they will not examine the evidence on a motion for a new trial. The presumption is, until the contrary is shown, that the finding is correct and that there was evidence which may not be in the record that warranted the finding." The same court in *Garrity v. Losano et al.*, 83 Ill., 597, say: "Copies of instruments sued on, copies of accounts and affidavits filed in an action at law, are not parts of the record unless so made by being embodied in the bill of exceptions." This court has so recently expressed its concurrence with this statement of the law and practice, that it is rather remarkable that attorneys in preparing bills of exception, do not conform to it. To facilitate the drawing of bills of exception and to secure the rights of parties against errors in the evidence, each district court should have a competent reporter to take the testimony in all important trials, and any want of authority there may be in existing laws to appoint and pay such officers, should be supplied by appropriate legislation. In *Rosenthal v. Chisum*, 1 Gildersleeve, which involved about $2,400, the court expressed its regret that owing to the defects in the bill of exceptions, it could not decide the case upon its merits. In the present case, there is not much occasion for regret. If this court had the prerogative to set aside a practice so long and so firmly established and try the case upon its merits regardless of the errors in the bill of exceptions, it would probably decline to do so.

We are not disposed to encourage appeals to this court in cases where so little is involved.

The judgment of the district court is affirmed.

All concur.