## Louis A. Hippach v. First National Bank of Rushville.

1. COPY OF ACCOUNT SUED ON—*When a Part of the Record.*—The copy of an instrument sued on, filed in an action at law, is not a part of the record unless embodied in a bill of exceptions.

**Assumpsit,** on a deficiency decree. Appeal from the Superior Court of Cook County: the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Mr. Presiding Justice SHEPARD dissenting, Opinion filed February 9, 1897.

### STATEMENT OF THE CASE.

This was an action of debt brought in the Superior Court of Cook County by the First National Bank of Rushville, Nebraska, against Louis Hippach, of Chicago, on a deficiency decree for $3,385.46, recovered against Mr. Hippach in the District Court of Nebraska. The summons was issued to the May term, 1896, and served on appellant on April 21, 1896, more than ten days before the beginning of that term. On April 24, 1896, likewise more than ten days before the beginning of the May term, the appellee filed its declaration, consisting of one special count, based upon the deficiency decree mentioned. It is alleged in the brief of appellant that no copy of the record of the judgment or decree was filed with the declaration ten days prior to the May term, nor at any time.

Appellant did not plead, and on May 12, 1896, which was at the term to which the summons was made returnable, appellee took the default of appellant and judgment for $3,385.46 debt, and $67.71 damages. From this judgment appellant prayed an appeal.

Mann, Hayes & Miller, attorneys for appellant.

R. L. Tatham, attorney for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

It is insisted by appellant that "inasmuch as no copy of the judgment or decree sued on was filed with the declaration ten days prior to the beginning of the May term, the case should have been continued to the next term of the court under the general order; that appellant was not in default at the May term, and the court, under the statute, had no right and no authority to enter the default of appellant and render judgment against him.

The Statutes of Illinois, chapter 110, section 18, provide: " If the plaintiff shall not file his declaration, together with a copy of the instrument of writing or account on which the action is brought, * * * ten days before the court at which the summons * * * is made returnable, the court, on motion of the defendant, shall continue the cause at the cost of the plaintiff, unless it shall appear that the suit was commenced within ten days of the sitting of the court, in which case the cause shall be continued without costs, unless the parties shall agree to have a trial."

A bill of particulars is not a part of the record of a suit at law; to make it such, it must be incorporated into a bill of exceptions. Eggleston v. Buck, 24 Ill. 262.

Nor is the copy of an instrument sued upon, filed in an action at law, a part of the record, unless embodied in a bill of exceptions. Garrity v. Lozano et al. 83 Ill. 597; Thompson v. Kimball, 55 Ill. App. 249.

In Lambert v. Jonte, 28 Ill. App. 591, a failure to file a

copy of the instrument sued upon, and a failure to file a declaration are, under the statute, put upon the same footing, the court holding that the failure to file either, will prevent a judgment by default for want of a plea.

There is a marked distinction between a declaration and a copy of the instrument sued upon. A declaration in a common law court of record is essential to the validity of a judgment for the plaintiff; such declaration is a part of the common law record; a copy of the instrument sued upon is not essential to the validity of a judgment for the plaintiff, neither is it a part of the common law record. Stratton v. Henderson, 26 Ill. 68, 75; Hopkins v. Woodward, 75 Ill. 62, 65.

The statute also provides: "That in all actions when the plaintiff shall not be a resident of this State * * * he shall, before he institutes such suit, file or cause to be filed, * * * security for costs."

Yet the objection that a plaintiff has not filed a bond for costs is held to be of a dilatory character, in the nature of a plea in abatement, and if not insisted upon at the proper time, is to be considered as waived. Randolph v. Emerick, 13 Ill. 344; Dunning v. Dunning et al., 37 Ill. 306; Lee v. Waller, 13 App. 403.

An objection for want of bond for costs can not be taken for the first time in an Appellate Court. Meyer et al. v. Wiltshire, 92 Ill. 395.

Without, however, considering the analogy that may be drawn between the provisions of the practice act, as to the filing of a bond for costs and a copy of the instrument upon which suit is brought, we affirm the judgment of the Superior Court because, there being no bill of exceptions, from an examination of the record we can not say that no copy of the instrument sued upon was filed ten days before the term at which judgment was taken.

The judgment of the Superior Court is affirmed.

MR. PRESIDING JUSTICE SHEPARD dissents.