## LOUIS A. HIPPACH

### *v.*

## THE FIRST NATIONAL BANK OF RUSHVILLE, NEBRASKA.

*Opinion filed November 1, 1897—Rehearing denied December 9, 1897.*

BILLS OF EXCEPTION—*copy of decree sued upon must be preserved by bill of exceptions.* A copy of a decree, filed with a declaration counting thereon, is not part of the pleadings, and does not become part of the record unless preserved by bill of exceptions.

*Hippach* v. *First Nat. Bank,* 69 Ill. App. 32, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

Judgment was entered in favor of the appellee bank, against the appellant, in the circuit court of Cook county at the May term, 1896. The action was in debt. The declaration was filed to the said May term of said court,

and counted upon a decree rendered by the district court in and for the county of Sheridan and State of Nebraska, in favor of the appellee bank, against the appellant, in the sum of $3385.46. Judgment in the amount of the decree, with interest thereon, was awarded in default of a plea. The appellant removed the record to the Appellate Court for the First District by appeal, and to this court by further appeal from a judgment of affirmance of said Appellate Court.

MANN, HAYES & MILLER, for appellant.

R. L. TATHAM, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant insists a copy of the decree sued on was not filed with the declaration, nor ten days before the first day of the term, and for that reason urges it was error to enter judgment against him. The record in this court does not contain a bill of exceptions. A copy of the decree, if filed, would not have formed a part of the declaration. (*Harlow* v. *Boswell,* 15 Ill. 56; *Stratton* v. *Henderson,* 26 id. 68; *Franey* v. *True,* 26 id. 184.) If not a part of the pleading it was not a part of the record proper in the cause. A bill of exceptions was necessary to preserve it as a part of the record in this court. *Garrity* v. *Lozano,* 83 Ill. 597.

As the record filed by the appellant in this court fails to disclose that a copy of the decree was not filed, it is not apparent that error was committed in that respect. The presumption that the proceedings in the trial court were regular and valid must prevail.

No error appearing, the judgment is affirmed.

*Judgment affirmed.*