## Livingston T. Dickason et al. v. Augustus C. Mills.

1. BILL OF EXCEPTIONS—*Necessary to Preserve the Copy of the Account Sued On.*—A bill of exceptions is necessary to preserve, as a part of the record in the Appellate Court, the copy of the account sued on and required to be filed with the declaration.

2. PRESUMPTIONS—*In the Absence of a Bill of Exceptions.*—In the absence of a bill of exceptions showing to the contrary, the presumption is that the proceedings in the trial court were valid, must prevail.

Debt, on appeal bond. Trial in the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Finding and judgment for plaintiff. Error by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed July 21, 1898.

C. H. REMY, attorney for plaintiffs in error.

DEFREES, BRACE & RITTER, attorneys for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

Defendant in error filed his declaration in this suit in the Superior Court against plaintiffs in error and others. It is claimed that he failed to file with his declaration a copy of the instrument in writing, the appeal bond, which was the basis of his suit. Plaintiffs in error did not appear, and judgment by default was entered against them. The only error assigned and urged by counsel for plaintiffs in error is that the court erred in entering the default when, as it is claimed, no default could be properly entered because the declaration was without a copy of the instrument in writing sued on. The instrument was not set out *in haec verba*, and it is claimed in the brief of counsel that no copy was filed. There is, however, in the record here no bill of exceptions. The conditions are precisely similar to those obtaining in Hippach v. First Natl. Bank, 69 Ill. App. 32, affirmed in 169 Ill. 515, in which latter decision Mr. Justice Boggs, delivering the opinion of the court, said :

" The appellant insists a copy of the decree sued on was not filed with the declaration, nor ten days before the first day of the term, and for that reason urges it was error to enter judgment against him. The record in this court does not contain a bill of exceptions. A copy of the decree, if filed, would not have formed a part of the declaration. If not a part of the pleading it was not a part of the record proper in the cause. A bill of exceptions was necessary to preserve it as a part of the record in this court. As the record filed by the appellant in this court fails to disclose

that a copy of the decree was not filed, it is not apparent that error was committed in that respect. The presumption that the proceedings in the trial court were regular and valid must prevail."

We regard this decision as clearly governing the case here.

The judgment is affirmed.