# Clara E. Hellen, Defendant in Error, v. Benjamin H. Hellen, Plaintiff in Error.

## Gen. No. 16,591.

1. PLEADING—*what not part of declaration.* The "copy of instrument sued upon" attached to a declaration or filed with the same, is no part thereof.

2. PLEADING—*effect of absence of similiter.* The want of a similiter is aided after verdict.

3. PLEADING—*how departure should be availed of.* If a replication depart from the cause of action set out in the declaration the irregularity should .be taken advantage of by demurrer.

4. PLEADING—*how insufficient allegation of facts in replication should be availed of.* If a replication to a plea of the Statute of Limitations does not state such facts as would avoid the statute, the defect should be availed of by demurrer.

5. PLEADING—*when replication cured by verdict.* A defective replication is cured by verdict.

6. APPEALS AND ERRORS—*what not part of record.* A "copy of instrument sued upon" not being a part of the declaration, is not part of the common law record unless made so by incorporation in a bill of exceptions.

7. APPEALS AND ERRORS—*when evidence presumed to support verdict.* In the absence of the preservation of the evidence heard by bill of exceptions it will be presumed that such evidence supported the verdict and judgment rendered.

8. STATUTE OF LIMITATIONS—*burden to establish plea.* The burden to establish a plea of the Statute of Limitations, the same having been traversed by the plaintiff, is upon the defendant.

9. STATUTE OF LIMITATIONS—*when traverse of plea proper.* A general traverse of a plea of the Statute of Limitations in the negative of the words of the plea concluding to the country is proper.

10. STATUTE OF LIMITATIONS—*what does not start a fresh running of statute.* Scheduling by the defendant does not start afresh the running of the Statute of Limitations as applied to the commencement of an action rendered upon the judgment of a court of a sister state.

Action in debt. Error to the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 23, 1912. Rehearing denied June 6, 1912.

J. ERB and E. C. MAPLEDORAM, for plaintiff in error.

D. W. PARKER and E. B. HAND, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This was an action in debt on a judgment of a district court in the State of Minnesota, brought in the Circuit Court of Cook County on May 13, 1904, by Clara E. Hellen, defendant in error and hereinafter referred to as plaintiff, against Benjamin H. Hellen, plaintiff in error and hereinafter referred to as defendant. The transcript of the record discloses that on March 12, 1909, "this cause being called for trial, comes the plaintiff, by her attorney, and issues being joined, it is ordered that a jury come," whereupon twelve jurors, who, being sworn to try the issues and a true verdict render according to the evidence, after hearing all the evidence adduced, say: "We, the jury, find the issues for the plaintiff, and we find the amount of the debt to be $4,060.52, and we assess the plaintiff's damages at the sum of $4,060.52." The transcript of the record also discloses that the court gave the jury the following instruction: "The jury are instructed to find the issues for the plaintiff and assess her damages at the sum of $4,060.52," and that on the same day the court entered a judgment that "the plaintiff do have and recover of and from the defendant her said debt of $4,060.52 and her said damages of $4,060.52, in form as aforesaid by the jury found due and assessed, together with her costs and charges in this behalf expended and have execution therefor. It is ordered that upon payment of said damages with interest thereon and costs of suit said debt be discharged." To reverse the judgment defendant sued out this writ of error. The transcript of the record does not contain a bill of exceptions. It is stated by

counsel for defendant in their printed argument that neither the defendant nor his attorney was present in court when the trial of the case was had and the verdict and judgment entered.

Plaintiff's declaration was filed on May 13, 1904, and consisted of three counts. The first count alleged that plaintiff, in the district court for the 4th judicial district of the State of Minnesota for Hennepin County, to-wit: On November 17, 1893, by the judgment of said court, recovered against the defendant in an action for divorce the sum of $1500, as and for the permanent alimony of plaintiff, and that said judgment is in full force, and not satisfied. The second count alleged that on, to-wit: November 17, 1893, by the judgment of the same court and in the same action, plaintiff recovered against defendant the sum of $150, to be paid annually in quarterly installments, for the maintenance and support of the minor child of the parties, until said child should arrive at the age of 18 years, that said judgment is in full force and not satisfied, and that said child remained in plaintiff's care and custody for about six and one-half years from the date of said judgment prior to the time said child arrived at the age of 18 years, when a large sum, to-wit: $975, for the maintenance and support of said child, for the period ending on or about May 17, 1900, became due plaintiff. The third count amounted practically to a consolidation of the first and second counts, being predicated upon the judgment in favor of plaintiff for alimony, as well as upon the judgment for the support and maintenance of said child, and alleged that said respective amounts were due and unpaid, "with interest at the rate of 7 per cent per annum" as provided by the laws of the State of Minnesota, "to the damage of plaintiff of $5,000," etc.

With this declaration a certified copy of a judg-

ment purporting to be the judgment and decree of said court of the State of Minnesota, was filed as "copy of instrument sued upon." This instrument is no part of the declaration. Harlow v. Boswell, 15 Ill. 56; Gage v. Lewis, 68 Ill. 604, 618. And it is not a part of the record, unless preserved by bill of exceptions. Hippach v. First National Bank, 169 Ill. 515; Boyles v. Chytraus, 175 Ill. 370. As there is no bill of exceptions in this case, the said judgment and decree is not properly before us, and therefore, such of the contentions of counsel for defendant as are based upon what that judgment and decree shows upon its face cannot be considered by us.

To the entire declaration the defendant, on June 20, 1904, filed three pleas, (1), *nul tiel record,* (2), payment and (3), a plea of the statute of limitations as follows:—

"The defendant says that the plaintiff ought not to have her aforesaid action against him, because he says that from, to-wit, the 17th day of November, 1893, to and including the time of the commencement by said plaintiff of her cause of action, he, the defendant has been continuously a resident of and has continuously resided in the State of Illinois, and that the several supposed causes of action in said declaration mentioned and in each count thereof, did not nor did any or either of them, accrue to the plaintiff at any time within five (5) years next before the commencement of this suit in manner and form as the plaintiff has above complained against him, the defendant; and this the defendant is ready to verify, etc."

On September 14, 1907, on plaintiff's motion, leave was granted her to reply double, and defendant was ordered to rejoin thereto in ten days. On the same day, plaintiff, in addition to properly replying to the defendant's pleas of *nul tiel* record and payment, filed the following replications to the defendant's said plea of the statute of limitations:

1.  "And the plaintiff  *  *  *  says that she, the plaintiff, by reason of anything in that plea above alleged ought not to be barred from having her aforesaid action, because she says that the several causes of action, and each and every one of them, did accrue to her within five years next before the commencement of this suit, in manner and form as she has above complained against the defendant; and this the plaintiff prays may be inquired of by the country, etc.

2.  "And the plaintiff, by leave of court first had and received,  *  *  *  further says that she, the plaintiff, by reason of anything in said plea alleged, ought not to be barred from having her aforesaid action, because she says that the defendant in his certain petition and schedule A3 in Bankruptcy, filed in the United States district court clerk's office for the northern district of Illinois, on September 9, 1908, as No. 8092, acknowledged the validity of the same judgment set out in plaintiff's declaration and in each count thereof; whereby the defendant waived his right to the benefit of the statute of the state of Illinois in manner and form as set forth in his said plea; and this the plaintiff is ready to verify, etc.

3.  "And the plaintiff by leave of court first had and received,  *  *  *  further says that she, the plaintiff, by reason of anything in that plea alleged, ought not to be barred from having her aforesaid action, because she says that the said judgments mentioned in her said declaration and in each count thereof, were entered by the district court of the 4th judicial district of the state of Minnesota, for Hennepin county, for the permanent alimony of the plaintiff and the support of the plaintiff's minor child, in manner and form as is above in said declaration alleged; and this the plaintiff is ready to verify, etc.

4.  "And the plaintiff, by leave of the court first had and received,  *  *  *  further says that she, the plaintiff, by reason of anything in that plea alleged ought not to be barred from having her aforesaid action, because she says that she resided out of the state of Illinois, when the cause of action set out in the

declaration and in each count thereof in this case accrued, and so continuously resided out of the said state until five years prior to the bringing of this suit; and this the plaintiff is ready to verify, etc."

As far as the transcript of the record before us discloses, no further pleadings were filed in the case and no other orders were entered prior to the trial, March 12, 1909, when the verdict was rendered and judgment entered thereon. The defendant neither demurred nor rejoined to any of said replications.

Counsel for defendant contend that the judgment of the trial court should be reversed because of error manifest on the face of the record, in that the judgment is not supported by the pleadings, or, more particularly, in that the trial court erred in not giving effect to the plea of the defendant of the statute of limitaions which, upon the face of the pleadings, barred the claim sued on, with the exception of $187.50 and interest, said sum being the last five installments due and unpaid under said judgment or decree, for the support of said minor child, which, in accordance with Schuler v. Schuler, 209 Ill. 522, are not barred by the statute of limitations of the state of Illinois.

The plea of the defendant of the statute of limitations "is a plea in confession and avoidance. It confesses the plaintiff's cause of action, but seeks to avoid a recovery, by invoking the bar of the statute." Bartalott v. International Bank, 14 Ill. App. 158, 162. The plea in this case alleged that "the several supposed causes of action in said declaration mentioned, and in each count thereof, *did not* * * * *accrue* to the plaintiff at any time within five (5) years next before the commencement of this suit." By section 15 of chapter 83 of the statutes of this state it is provided that "all civil actions not otherwise provided for shall be commenced within five years next after the cause of action accrued." By section 18 it is provided, "If, when the cause of action accrues against

a person, he is out of the state, the action may be commenced within the times herein limited, after his coming into or return to the state; and if, after the cause of action accrues, he departs from and resides out of the state, the time of his absence is no part of the time limited for the commencement of the action. But the foregoing provisions of this section shall not apply to any case, when, at the time the cause of action accrued or shall accrue, neither the party against nor in favor of whom the same accrued or shall accrue, were or are residents of this state." The plea of the defendant was in proper form, and if he could *prove* the truth of same on the trial, regard being had to the provisions of section 18 of the statute, it would be a bar to plaintiff's action. Davis v. Munie, 235 Ill. 620. But the burden of proving his plea, the same having been traversed by the plaintiff, was upon him. Schell v. Weaver, 225 Ill. 159, 162.

After defendant had filed said plea, plaintiff obtained leave of court to reply double, and plaintiff filed the four replications above set forth. The first was a general traverse of the plea in the negative of the words of the pleas, and concluded to the country. This form of replication to such a plea was proper. 3 Chitty on Pl. p. 1160; Chenot v. Lefevre, 8 Ill. 637, 640. "If the statute of limitations be pleaded, the plaintiff may reply either that the defendant did undertake, or that the cause of action *did accrue,* within six years, in the negative of the words of the plea." 1 Chitty on Pl. p. 605. "When the statute of limitations was pleaded, either that the defendant did not undertake, or that the cause of action *did not accrue,* within six years 'before the exhibiting of the plaintiff's bill,' and the plaintiff could prove a promise or acknowledgment within that time, the replication might deny the plea *generally,* and conclude to the country; but if the time of issuing the first writ in the action were material, it must have been replied spe-

cially, as in the case of a tender; and if continued process were stated, the return of the first must have been shown; but this did not seem necessary when the plea stated 'before the commencement of the suit,' instead of 'exhibiting the bill,' though a special replication was in general *advisable,* because it might reduce the proof to be adduced by the plaintiff on the trial.'' 1 Chitty on Pl. p. 609.   By this first replication of the plaintiff, therefore, issue was joined on defendant's plea of the statute of limitations.  · Defendant by his plea confessed plaintiff's cause of action and invoked the statute as a bar.   Plaintiff by her replication virtually said that the statute was not a bar to the action. She *generally* denied the plea.   It is true that it does not appear that a *similiter* was filed to this replication, but the want of a *similiter* is aided after verdict.   Waters v. Simpson, 7 Ill. 570.

But counsel for defendant contend that this first replication of the plaintiff is a *departure* from the cause of action as set out in her declaration, and is therefore bad, and that the judgment for this reason should be reversed.   We do not agree with this contention.   ''The replication must not depart from the allegations in the declaration in any *material* matter. * * *     A *departure* in pleading is said to be when a party quits or departs from the case or defense which he has first made, and has recourse to another; it occurs when the replication or rejoinder, etc., contains matter not pursuant to the declaration or plea, etc., and which does not support and fortify it.''   1 Chitty on Pl. p. 674.   ''But matter which maintains, explains, and fortifies the declaration or plea, is not a departure.   * * *   And if the plaintiff vary in his replication from his count, or the defendant in his rejoinder from his plea, in time, place, or other matter, *when immaterial,* it is not a departure.   As if in a declaration, a promise be stated to have been made twenty years ago, and when the defendant pleads the

statute of limitations the plaintiff replies that the defendant *did undertake* within six years; this is not a departure, because in this case the statement of the time in the declaration was immaterial." 1 Chitty on Pl. p. 677. And even if there was a *departure* in this replication, defendant should have demurred to the same. Although this replication was on file for about a year and one-half prior to the time of trial, defendant did nothing with reference to the four replications filed by plaintiff on September 14, 1907. "The only mode of taking advantage of a departure is by demurrer, which may be either general or special; and if the defendant or the plaintiff, instead of demurring, take issue upon the replication or the rejoinder containing a departure, and it be found against him, the court will not arrest the judgment." 1 Chitty on Pl. p. 678. In support of their contention counsel cite the case of Beatty v. Nickerson, 73 Ill. 605. In that case plaintiff, to a plea of the statute of limitations, replied that defendant fraudulently concealed from plaintiff the knowledge that a cause of action existed, and that suit was brought within the statutory period, after knowledge of the right of action came to plaintiff. The replication was *demurred* to, and the court held it bad *on demurrer* in that it failed to set out the facts constituting the concealment. But it does not follow, because there is a defective pleading in the record, which, if demurred to, would have been held bad by the trial court, that for this reason the judgment should be reversed. Hopkins v. Woodward, 75 Ill. 62; Devine v. Chicago City Railway Co., 237 Ill. 278.

As to the second, third and fourth replications of plaintiff, which were in confession and avoidance of defendant's plea of the statute, we are of the opinion that, had a demurrer been interposed as to them and been insisted upon, the court would have been obliged to sustain the demurrer to each replication, and on the ground that each failed to state such facts as would

avoid the statute.    But the defendant neither demurred nor rejoined to any of these replications.    Failing to take proper action at the proper time, defendant should not be allowed, after verdict and judgment, to urge first in this court that the trial court erred in proceeding to a trial of the cause on the then existing state of the pleadings.

Counsel for the respective parties have discussed at great length in their printed arguments the question whether the fact, as stated in said second replication, of the defendant scheduling in bankruptcy, on September 8, 1908, said judgment of said Minnesota court, was such an acknowledgment of the debt as would start afresh the running of the statute of limitations in favor of the plaintiff.    While in the view we take of this case this point is only indirectly involved, we may say that, after a careful review of the authorities, we are of the opinion that such scheduling by the defendant was not such an act as would in this state start afresh the running of the statute in favor of plaintiff.    Keener v. Crull, 19 Ill. 189, 191; Carroll v. Forsyth, 69 Ill. 127, 131; Ennis v. Pullman Co., 165 Ill. 161, 176; Boone v. Colehour, 165 Ill. 305, 315; Georgia Ins. Co. v. Ellicott, 10 Fed. Cas. 248; Roscoe v. Hale, 7 Gray 274; Richardson v. Stillman, 13 Gray 381; Hidden v. Cozzens, 2 R. I. 401; Nonotuck Silk Co. v. Pritzker, 143 Ill. App. 644.

Counsel for plaintiff, in urging this court to sustain the judgment, argue that, if it can be said that the first replication of plaintiff to defendant's plea of the statute of limitations was defective, the verdict cured such defect.    We agree with counsel and are of the opinion that the judgment should be affirmed.    Illinois Central R. R. Co. v. Simmons, 38 Ill. 242; Gerke v. Fancher, 158 Ill. 375, 380; 31 Cyc. 763; Sargent Co. v. Baublis, 215 Ill. 428.    In the case last cited our Supreme Court said (p. 430):

"The rule, as often stated, is, 'that where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict.' "

In said replication to said plea plaintiff stated that her said cause of action "did accrue to her within five years next before the commencement of this suit." As there is no bill of exceptions before us, we have no means of knowing what the evidence was which actuated the trial court in giving to the jury the instruction mentioned, and the jury in rendering the verdict. Under this replication, as we have above seen, the plaintiff might prove a new promise "within five years next before the commencement of the suit," and for aught we know to the contrary she may have done so. Under such a replication, also, plaintiff might have introduced evidence showing that defendant, at the time of the rendition of the judgment by said Minnesota court, was a resident of the state of Illinois, and afterwards departed from and resided out of said state, returning to this state after a sufficiently protracted absence, in which event, under section 18 of our statute, the time of defendant's said absence from this state "is no part of the time limited for the commencement of the action" in this state. We must and will presume that the evidence supported the verdict and judgment, and in our opinion the state of the pleadings is such as sufficiently supports said verdict and judgment.

The judgment of the Circuit Court of Cook County is affirmed.

*Affirmed.*