## John H. McKinstry, Appellant, v. John N. Bras, Appellee.

1. ATTACHMENT—*who may recover on bond.* Under the statute providing that the bond in attachment shall be conditioned to satisfy all costs which may be awarded to the defendant or to any others interested in the proceedings and all damages and costs which may be recovered against plaintiff for wrongfully suing out an attachment, recovery may be had for damages sustained not alone by the attachment debtor but by any person interested in the proceeding who may have been damaged by the wrongful suing out of the writ, and it is not necessary that all of the persons interested in the attachment proceedings shall have sustained damages.

2. PLEADING—*attaching paper to declaration.* A paper cannot be made a part of a declaration by attaching it as an exhibit or by referring to it.

3. PLEADING—*general demurrer does not reach defect of form.* A general demurrer is insufficient to reach any defects in the form of the declaration.

Appeal from the County Court of De Witt county; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed March 18, 1913.

E. B. MITCHELL and E. J. SWEENEY, for appellant.

INGHAM & INGHAM, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action on an attachment bond brought by appellant against appellee. The attachment proceeding in which the bond was given was commenced by appellee against the Panhandle and Pecos Valley Land Company, with John H. McKinstry, Carl C. Young and Dan McNeil named as garnishees. The action was originally brought by John H. McKinstry, appellant, as sole plaintiff. The declaration declared on the legal effect of the bond but the bond was not set out in the declaration. The action as finally amended is an ac-

tion by John H. McKinstry (appellant), the Panhandle 'and Pecos Valley Land Company, Carl C. Young and Dan McNeil, plaintiffs, for the use of John H. McKinstry against John N. Bras.

The declaration counts upon a bond given by John N. Bras as principal to John H. McKinstry and alleges the suing out of the attachment writ, the failure to prosecute it with effect, and damages resulting to John H. McKinstry. A general demurrer was filed to this declaration, sustained by the court, judgment rendered against appellant for costs and in bar of action, from which this appeal is prosecuted.

The declaration upon its face does not disclose why the suit was brought on behalf of these plaintiffs for the use of McKinstry, although a copy of the bond was filed with the declaration only the legal effect having been declared on, the court cannot look to the copy of the bond filed either to support the declaration or to find any defects therein, as it is the well-established practice in this state that a paper cannot be made a part of a declaration by attaching it as an exhibit or by referring to it. The demurrer being general, it is insufficient to reach any defects in the form of the declaration. The declaration states a good cause of action against the defendant on the legal effect of an attachment bond.

Appellee contends that the copy of the bond exhibited is the bond sued on and could not be introduced in evidence under this declaration. That question, however, is not before this court for determination at this time. It is also contended by appellee in his argument that the bond is an undertaking to pay damages jointly sustained by the plaintiffs who sue for the use of John H. McKinstry, and that because the declaration alleges damage to John H. McKinstry alone no recovery can be had. It is sufficient to say upon that contention that the declaration does not declare on any such bond. But as this question will undoubtedly arise upon another trial, we have deemed it advisable to de-

termine whether or not this bond is such a joint obligation as requires damages to all of the obligees, and whether an action to recover damages sustained by only one can be maintained. The statute under which this bond is given provides that the bond shall be conditioned to satisfy all costs which may be awarded to the defendant *or to any others interested in the proceedings,* and all damages and costs which may be recovered against plaintiff for wrongfully suing out such attachment. In an attachment proceeding the only parties whom it is necessary to name as defendants are those who owe the debt, but any person may be named in the affidavit to be served as garnishees, but this does not make such parties defendant to the action, and while it is only necessary to name the defendants, the statute provides that it shall be conditioned to pay all damages that may be recovered against plaintiff, and does not limit the damages to those sustained alone by the defendants. A similar statute has been construed by the courts of Mississippi, in *Dean v. Stevenson,* 61 Miss. 175, and by the courts of Ohio, in *Alexander v. Jacoby,* 23 Ohio St. 358, and these courts have held, and we think correctly, that a recovery may be had for damages sustained not alone by the attachment debtor but by any person interested in the proceeding who may have been damaged by the wrongful suing out of the writ; and it is not necessary that all of the persons interested in the attachment proceeding shall have sustained damages.

The trial court erred in sustaining the demurrer to this declaration, and its judgment is reversed and the cause remanded.

*Reversed and remanded.*