Inter Ocean Newspaper Co. v. City of W. Hammond, 189 Ill. App. 110.

KNAPP & CAMPBELL, for appellant; JOHN R. COCHRAN, of counsel.

O'DONNELL & O'DONNELL, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 301*—*when decree entered on bill for review not final.* A decree entered on a bill of review ordering a mechanic's lien decree to be reopened and that the original cause be reheard, etc., and that the certificate of ·sale under the original decree be delivered up and cancelled, *held* to be an interlocutory decree and not a final one for the purpose of review.

---

### Inter Ocean Newspaper Company, Appellant, v. City of West Hammond, Appellee.

#### Gen. No. 19,752.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. W. F. SLATER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, ·1914.

### Statement of the Case.

Action in the County Court by Inter Ocean Newspaper Company, a corporation, against City of West Hammond, a municipal corporation, to recover the sum of $129.25 alleged to be due for printing done by plaintiff for defendant.

Plaintiff filed a declaration containing the common counts. At· the end of the fourth count it used this language: "As will more fully appear from plaintiff's Exhibit 'A' and 'B' hereto attached." The affidavit of amount due stated that the demand of the plaintiff in the above entitled cause was for money due plaintiff for printing, and after allowing all just deductions and set-offs, there was due plaintiff $129.25. The exhibits "A" and "B" were designated city war-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

rants Nos. 476 and 1367, being respectively for the sums of $15.30 and $113.95, both purporting to be signed by the mayor and clerk of the City of West Hammond and directed to the treasurer of the said city.

To this the defendant filed a plea of general issue, and filed therewith an affidavit with reference to exhibit "B" which was for $113.95. This affidavit set up the fact that no appropriation had been made by the defendant, out of which payment could legally be made for the services and materials furnished the defendant, and for which plaintiff claims was issued the warrant designated as exhibit "B;" that neither the city council nor any officer or agent of defendant had any authority or power to incur any indebtedness for which no provision had been made in the Appropriation Ordinances of 1909 and 1910, being the period of time in which these services were rendered; and that no such fund as a general fund exists or ever existed. With reference to exhibit "A," the affidavit set forth that the warrant was regular and was a binding obligation.

Plaintiff's evidence showed that its claim was for printing and advertising furnished from December 10, 1909 to December 8, 1910, in connection with certain local improvements and special assessments made in the City of West Hammond under the Local Improvement Act, J. & A. ¶¶ 1388 et seq., that in each instance the requirement of the Local Improvement Act had been complied with and that the president and board of trustees of the village of West Hammond had passed an ordinance duly authorizing said improvements and special assessments, and providing therein for the payment of all advertisements out of the special assessment fund, the ordinances themselves being placed in evidence by plaintiff. It further appeared that the special assessments involved were passed between October, 1908 and May, 1910. The certificates of publication showing that the notice required to be given under the Local Improvement Act was published by plaintiff, were offered in evidence. It appeared that the only

112    APPELLATE COURTS OF ILLINOIS.

Inter Ocean Newspaper Co. v. City of W. Hammond, 189 Ill. App. 110.

other evidence submitted by plaintiff in support of its case was exhibit "B," which read as follows:

"No. 1367 State of Illinois, Cook County.    ($113.95)
City of West Hammond.
City (Seal)            City Clerk's Office, Feb. 15, 1912.
Warrant.
              Treasurer of said city.
Pay to the order of the Inter Ocean One Hundred Thirteen and 95/100 Dollars for Printing Advertisements from Dec. 10/09 to Dec. 8/10 out of money in the Treasury not otherwise appropriated from the General Fund.

                    (Stamp)
                  Central Trust
                Company of Illinois
                    Collection
                      39571
Ignatius F. Mankowski,            John Hessler,
        City Clerk.                 Mayor."

The evidence offered by defendant was that the general appropriation ordinances passed as required by statute in the first quarter of each fiscal year by defendant during the years in which the printing was done, made no provision for the payment of the printing for which the suit is brought, and that any contingency fund, if any, provided by said appropriation ordinances had been exhausted prior to the bringing of this suit. The case was tried before a court without a jury. Judgment was entered for the amount admitted by defendant, namely, $15.30, and denied as to the balance. From the judgment, plaintiff appeals.

H. L. CAVENDER, for appellant; H. L. CAVENDER and WILLIAM E. KAISER, of counsel.

SHEPARD, McCORMICK & THOMASON, for appellee; PERRY S. PATTERSON and DWIGHT P. GREEN, of counsel.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. PLEADING, § 34*—*when reference to exhibits ineffective.* A count in a declaration merely referring to certain exhibits as "A" and "B" hereto attached, *held* not to add to the strength of the count, change its character or modify it.

2. MUNICIPAL CORPORATIONS, § 252*—*mode of paying expenses of special assessment.* It is within the legislative authority of a city or village to fix, in advance, the mode of payment of expenses in connection with special assessments, by ordinance, and while such ordinance remains in force it is binding and excludes every other mode of payment.

3. MUNICIPAL CORPORATIONS, § 404*—*proof essential to establish liability for special assessment funds.* Where a local improvement ordinance provides that the sum raised by a special assessment shall be applied to the payment of the expenses of advertisements incurred in a special assessment, to entitle a party to recover from the municipal corporation under the ordinance for printing done in connection with the special assessment, he must show that defendant had collected such fund and actually had the money in its possession, or, if no longer in its possession, that it had wrongfully used the fund contrary to the purpose for which it was collected.

4. MUNICIPAL CORPORATIONS, § 1152*—*validity of warrants.* A party receiving a warrant issued by a municipal corporation upon its general funds for printing done in connection with special assessment matters is not entitled to recover on it where it appears from the evidence that no appropriation had been previously made to pay either the warrant or the claim for which the warrant was given in payment.